Glenn R. Kantor - State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Jaclyn D. Conover, SBN 266749
 E-mail: jconover@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave. Suite 1400
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
THOMAS SCHROCK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS SCHROCK,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNION SECURITY LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO.:  1:26-cv-06391<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(3) FINANCIAL ELDER ABUSE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff THOMAS SCHROCK ("Plaintiff" or Mr. Schrock") herein sets forth the allegations of his Complaint against Defendant UNION SECURITY LIFE INSURANCE COMPANY, ("Union Security" or "Defendant").

**PRELIMINARY ALLEGATIONS**

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

1
COMPLAINT

3.     Plaintiff is informed and believes that Defendant Union Security is a corporation incorporated in Georgia with its principal place of business in Wisconsin. Defendant is authorized to transact and is transacting business in the Northern District of California and can be found in the Northern District of California.

4.     Plaintiff Thomas Schrock was born in 1933, and is currently 93 years of age. At the time of the denial of the long-term care benefits which is the subject of this action, Plaintiff was a resident and citizen of the County of Humboldt, State of California.

## FIRST CLAIM FOR RELIEF AGAINST
## DEFENDANT FOR BREACH OF CONTRACT

5.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6.     On February 15, 2001, Union Security (Formerly known as Fortis Benefits Insurance Company) issued to Plaintiff a long-term care insurance policy, Policy #: 5007428 ("the Policy").

7.     From February 15, 2001, through the present, Plaintiff has paid all premiums due under the Policy.

8.     In November 2025, Plaintiff's children came to his home to perform a welfare check after Plaintiff's wife, Jean C. Schrock, was hospitalized due to a psychotic break. During the welfare check, Plaintiff's children learned that he had not been bathing because he did not think he could bathe independently without falling. During the same welfare check, Plaintiff's children discovered numerous bottles of pills that his doctor had prescribed that were unopened and unused. The Plaintiff advised his children that he did not believe he could continue to care for himself without assistance.

9.     After the November 2025 welfare check, Plaintiff's children realized that the Plaintiff had suffered severe cognitive decline. Plaintiff's children took over his finances and learned that he appeared to have been the victim of fraudulent actions whereby he was repeatedly making donations to a nonexistent charity.

KANTOR & KANTOR LLP
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
(818) 886 2525

2

COMPLAINT

KANTOR & KANTOR LLP
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
(818) 886 2525

10.    Plaintiff's children moved him from Santa Barbara to a care facility in Eureka, California, where Plaintiff's son Edward resides.  The name of the facility is Timber Ridge Eureka.  While the care facility and Plaintiff's children are of the belief that the Plaintiff should be confined to a wheelchair when ambulating, he refused and instead relies upon a walker.  However, he is not capable of safely walking or transferring using a walker and has fallen and injured himself several times.

11.    The Plaintiff's inability to perform two or more Activities of Daily Living without assistance or standby assistance entitles him to receive benefits under the terms of the subject policy.

12.    Plaintiff's Cognitive loss, as that term is defined by the policy, and reasonably interpreted, further entitles Plaintiff to receive benefits under the terms of the subject policy.

13.    Based on the foregoing, Edward Schrock, who has a power of attorney over his father's financial and health matters, submitted a claim to Defendant for benefits.  All relevant information was provided to Defendant.  Defendant assigned Plaintiff claim number R250130143.

14.    On April 6, 2026, Defendant denied the benefit claim incorrectly asserting that the level of Plaintiff's physical and cognitive decline did not meet the requirements of his policy.

15.    On April 17, 2026, Edward Schrock appealed the denial, providing additional evidence of Plaintiff's qualification for benefits as of November 21, 2025.  On May 11, 2026, Defendant again denied Plaintiff's benefit claim.

16.    All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid by Plaintiff.  At all relevant times, Plaintiff has performed all obligations under the Policy on his part to be performed.  As a direct and proximate result of Defendant's improper conduct, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy, requiring Plaintiff to incur significant, continuing out-of-pocket expenses for facility care that should have been covered under the Policy,

3

COMPLAINT

which continue to date. The denial of benefits constitutes a breach of the insurance contract between Union Security and Plaintiff.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANT FOR BREACH OF THE IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING

17.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

18.    Defendant breached its respective duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a)    Unreasonably withholding coverage from Plaintiff in bad faith at a time when Defendant knew Plaintiff was entitled to said coverage under the Policy;

(b)    Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the failure to pay valid claims under the terms of Plaintiff's coverage.

(c)    Intentionally and unreasonably applying pertinent policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits;

(d)    Unreasonably compelling Plaintiff to institute litigation to recover his coverage due under the Policy to further discourage Plaintiff from pursuing his full policy benefits.

(e)    Failing to fully and fairly investigate the Plaintiff's physical and mental condition prior to denying the claim.

19.    Plaintiff is informed and believes and thereon alleges that Defendant has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware.  Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

4
COMPLAINT

20. As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

21. As a further proximate result of the wrongful conduct of Defendant, Plaintiff has suffered mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

22. As a further proximate result of the wrongful conduct of Defendant, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

23. Defendant's conduct wrongfully denying long-term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income and a substantial loss of assets and property set aside for personal care and maintenance, and assets essential to his health and welfare.

24. Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiff, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

25. Plaintiff is both a senior citizen and a disabled person within the meaning of California Civil Code § 3345, and because of Defendant's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

KANTOR & KANTOR LLP
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
(818) 886 2525

COMPLAINT

KANTOR & KANTOR LLP
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
(818) 886 2525

**THIRD CLAIM FOR RELIEF**

**AGAINST DEFENDANT FOR ELDER ABUSE**

26.    Plaintiff refers to and incorporates herein all preceding paragraphs as though set forth in full in this cause of action.

27.    California Welfare and Institutions Code section 15600, The Elder Abuse and Dependent Adult Civil Protection Act, outlines the need for legislation to protect the elderly in their physical and financial needs as well as the damages for the violation of those obligations. Plaintiff is an "elder", as defined by the statute, as he was born on in 1933 and is currently 93 years old.

28.    Defendant's conduct constituted Financial Abuse as defined by the Act. "Financial Abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (a) takes, secretes, appropriates, obtains or retains real or personal property of an elder or dependent adult for a wrongful use with intent to defraud, or both; (b) assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

29.    Given the nature of the insurance policy and the insurance coverage at issue herein, Defendant knew, or should have known that the failure to pay benefits owed to Plaintiff was a harmful breach of duty, and Defendant should have been aware of the harm caused to Plaintiff by all of its actions and most importantly by its failure and refusal to pay his long term care benefits when due under the terms of his coverage.

30.    As a direct and proximate result of Defendant's conduct and breach of its obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

/////

/////

/////

6

COMPLAINT

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.　Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $600,000.00, plus interest, including pre-judgment interest.

2.　General damages for mental and emotional distress and other incidental damages in the sum of $3,000,000.00.

3.　A trebling of any punitive damages award pursuant to California Civil Code §3345.

4.　Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial.

5.　Costs of suit incurred herein; and,

6.　Such other and further relief as the Court deems just and proper.

DATED: June 25, 2026　　　　　　　　KANTOR & KANTOR, LLP


By:　　/s/ Glenn R. Kantor
　　　　Glenn R. Kantor
　　　　Jaclyn D. Conover
　　　　Attorneys for Plaintiff
　　　　　THOMAS SCHROCK


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


DATED: June 25, 2026　　　　　　　　KANTOR & KANTOR, LLP


By:　　/s/ Glenn R. Kantor
　　　　Glenn R. Kantor
　　　　Jaclyn D. Conover
　　　　Attorneys for Plaintiff
　　　　THOMAS SCHROCK

KANTOR & KANTOR LLP
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
(818) 886 2525

7

COMPLAINT